UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Annette Cordelia Martinez-Hernandez, | ) | CASE NO. 1:16 CV 1808 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| Cleveland Clinic Hospital, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

*Pro se* Plaintiff Annette Cordelia Martinez-Hernandez, residing in Burlington, New Jersey, filed this medical malpractice action against the Cleveland Clinic Hospital, Dr. Iain Kalfis, and Dr. John Lee.  Plaintiff alleges she is experiencing complications from a procedure. She does not specify the relief she seeks.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (ECF No. 2).  That Application is granted.

## BACKGROUND

Plaintiff's Complaint is very brief.  In fact, the actual Complaint is blank, except for the case caption.  In her Application to Proceed *In Forma Pauperis*, she indicates that "doctors at the Cleveland Clinic lefted [sic] me in the shape that can leave me with perm[anent] damage." (ECF No. 2 at 5).  She states she asked Dr. Kalfis why he refused to tell her the truth about what happened, but she does not provide his response.  She indicates that last year, she "had a stutter

problem for a week." (ECF No. 2 at 5). She indicates that for a period of time after having a procedure at the Cleveland Clinic, she lived in Honduras with her husband who was deported. She states she was treated by Dr. Ali Cerrato, but it is not clear if this physician was in Honduras, Ohio or New Jersey. She further states she summoned EMS at one point and was transported to a hospital in New Jersey where she was told she had a plate pressing onto discs and nerves, and a screw dangling onto a root end of the nerve. She contends the plate also is pressing onto blood vessels. She claims doctors were negligent.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than

"an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### DISCUSSION

Plaintiff fails to state a claim upon which relief may be granted.  Her Complaint is blank. She mentions in her *In Forma Pauperis* Application that she has a plate pressing on nerves and blood vessels and a screw is dangling onto nerves.  She does not indicate what procedure was performed at the Cleveland Clinic, who performed it, or when it was performed.  She does not indicate how Dr. Kalfis or Dr. Lee is involved.  Plaintiff must state enough facts in her Complaint to suggest she has a plausible, not just possible, claim against the Defendants.  *Iqbal*, 556 U.S. at 678.  Taking all of her filings together, and construing them liberally, she does not state a claim for relief that rises above the speculative level and meets the basic pleading requirements of Federal Civil Procedure Rule 8.

### CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed without prejudice pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
Dated: 8/1/16                            United States District Judge